# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO JOHNSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CONSTELLIS, an unknown business entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:22-cv-02066-W-VET<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CENTERRA GROUP LLC'S *EX PARTE* APPLICATION FOR AN ORDER EXTENDING TIME FOR IME**<br><br>**[Doc No. 19]** |

Before the Court is an "*Ex Parte* Application for an Order Extending Time for IME" ("Application") by Defendant Centerra Group, LLC ("Centerra"). Doc. No. 19. Therein, pursuant to Fed. R. Civ. P. 6(b) and 16(b)(4), Centerra requests the Court extend by sixty (60) days the time available for Plaintiff to undergo an independent medical examination ("IME"). *Id.* at 2. Per the operative scheduling order, all fact discovery must be completed by March 29, 2024. Doc. No. 15 at 4. Therefore, the Court construes Centerra's request as seeking sixty days following the close of fact discovery, *i.e.*, until May 28, 2024, to conduct

1

Plaintiff's IME. Centerra also asks the Court to compel Plaintiff to undergo the IME.[1] Doc. No. 19 at 2. Centerra represents that Plaintiff does not oppose the Application for extending time. *Id.* at 3. Further, Plaintiff did not file a response or opposition to the Application, or otherwise contact the Court regarding an intent to oppose the Application, as required by the Court's Chambers Rules.

Prior to the instant Application, on March 7, 2024, the parties filed a Stipulation Re Independent Mental Examination of Plaintiff, stipulating to Plaintiff's IME pursuant to Fed. R. Civ. P. 35. Doc. No. 17. Among other things, the parties stipulated to the logistics of the IME, including time, place, and examining physician, the mental examinations to be administered, and audio recording of the IME by Plaintiff. *Id.* at 3. Interpreting the Stipulation as a joint motion, the Court granted the joint motion and ordered Plaintiff to submit to the IME as stipulated to by the parties. Doc. No. 18.

In support of the Application, Centerra represents that the IME did not go forward as ordered by the Court. Specifically, Centerra asserts that the examining physician, Dr. R. Scott Johnson, was forced to prematurely end the IME because "he was in fear of physical harm by the Plaintiff." Doc. No. 19 at 2. Centerra describes an unusual encounter that included Plaintiff glaring "menacingly" at Dr. Johnson, pointing a video recorder at Dr. Johnson, asking Dr. Johnson to prove he was a "real doctor," arguing over "whether video or audio recording was allowed," and generally displaying "angry and aggressive" behavior. *Id.* In his supporting declaration, Dr. Johnson states that he "was significantly concerned that the interaction might turn physically aggressive" and felt "physically unsafe

---

[1] As phrased, the relief Centerra seeks may be interpreted as either (i) a request for an extension of time to conduct and compel an IME or (ii) a request for an extension of time to conduct the IME and request for an order compelling Plaintiff to undergo an IME. *See, e.g.*, Doc. No. 19 at 2 ("apply to the Court . . . for an Order extending time by sixty (60) days to allow Defendant leave to conduct, and compelling Plaintiff to undergo, an independent mental examination"). The Court interprets Centerra's Application as seeking the latter.

to move forward with the IME." Doc. No. 20-1 at 3. Accordingly, Dr. Johnson declined to continue working on this case. *Id*. Centerra's counsel also details the parties' meet and confer efforts to address rescheduling the IME. Doc. No. 19-1 at 62–65.

The circumstances surrounding Plaintiff's cancelled IME, as described in the Application and supporting declarations, warrant an extension of time to conduct and compel an IME. Accordingly, based on a review of the Application and the record, and good cause appearing, the Court **GRANTS** Centerra's request for a sixty (60) day extension only for the purpose of conducting and moving to compel, if necessary, Plaintiff's IME. Any IME of Plaintiff must be completed by **May 28, 2024**. All other deadlines set forth by the Court in the Order Granting in Part Joint Motion to Continue the Discovery Cutoff and Related Dates (Doc. No. 14) remain in effect.

The Court **DENIES** Centerra's request to compel Plaintiff to undergo the IME. The Court's prior order requiring Plaintiff to undergo an IME was pursuant to a stipulation/joint motion of the parties that specified the parameters, manner, and scope of the IME to be conducted by a specific expert. No such stipulation/joint motion is currently before the Court and Centerra presently makes no showing, pursuant to Fed. R. Civ. P. 35, supporting an order compelling an IME. *See Stein v. Tri-City Healthcare Dist.*, No. 12-CV-2524-BTM (BGS), 2014 U.S. Dist. LEXIS 200793, at *3–4 (S.D. Cal. Apr. 4, 2014) ("good cause" and "in controversy" requirements of Rule 35 "require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination"). However, assuming the parties are still in agreement, the Court invites the parties to file a joint motion pursuant to Fed. R. Civ. P. 35 stipulating to Plaintiff's IME.

**IT IS SO ORDERED**

Dated: March 22, 2024

Honorable Valerie E. Torres
United States Magistrate Judge